The Court took time for advisement, and at this term their opinion was delivered as follows by
Parsons, C. J.
The plaintiff, having proved the facts stated in the case, and on which he relied as giving him a title to recover, was proceeding to prove the amount of the taxes he demanded; when the defendants by their counsel insisted, that the plaintiff had wholly failed in proving that he had a right to recover any thing. And they objected, first, that it appeared that the Baptist society in Kingston was a mere voluntary association of individuals, not competent to act as a society, either in'the election or support of a public teacher. Secondly, that if this objection did not prevail, yet it appeared that the plaintiff was not the public teacher of this society, within the intent of the constitution, and to support this objection they cited the case of Washburn vs. West Springfield, which was also mentioned in the argument before the Court. And a third objection was made, that the plaintiff had not legally demanded the money, if he had a right to it.
My first impression was against the plaintiff’s right; but desiring time to consider the objections, and that the parties might [* 531 ] have the opinion of a full Court, I directed *a verdict for the defendants, upon the parties agreeing that if neither of the objections should prevail, a new trial should be granted. x
The first objection would desei ve much consideration, if it was necessary now to decide upon its effect. But as we tve satisfied *411 that the second objection ought to prevail, we give no opinion as to the first.
It. appears that the plaintiff is a Baptist, ordained as an evangelist according to the usage of that denomination of Christians. He was not therefore ordained, or appointed to minister to any particular society, but was a teacher at large to any society of Baptists who might employ him ; that for the years in which he demands the ministerial taxes paid by his hearers in Kingston, he had in fact contracted with two Baptist societies, one in Middleborough, and the other in Kingston, to preach to them, half the time each ; and that he preached to those societies agreeably to his contract. Whether he preached to them on alternate Sabbaths, or in alternate months, or by any other division of the time, is not stated. On these facts he claims to be the public teacher of the society in Kingston for these two years, within the true intent of the constitution.
We are very well satisfied that these facts will not support his claim.
The constitution makes no difference between the different sects of Protestant Christians, but regards them all with an equal eye ; and the same principles must govern this case, as would be applied to it, if the inhabitants of Kingston were- a Baptist parish, and the society, of which the plaintiff claims to be the public teacher, were Congregationalists. The great object of the constitution is the providing for the support of public religious worship among all denominations of Protestants. The method in which this is attempted, is by imposing on all societies, competent thereto, an obligation to elect and support public teachers. The general * method [*532] by which this support could be obtained, it was well known, must be by annual taxes, for the yearly salary of the minister of the parish ; and that every assessment would be the proportion, which every man, on whom it should be made, would pay for the support of a public teacher for a year. When the constitution therefore authorizes the taxes, levied for his support, to be paid in certain cases to a public teacher, for whose maintenance it was not assessed, it would be preposterous to admit that it could be claimed by any man, w ho was not the public teacher of a society entitled to an annual support; because the tax, which he claims, is a contribution for the support of a public teacher for a year.
If the plaintiff could prevail here, he would receive from his hearers their contribution for the annual support of a minister, when he himself was a teacher for only half a year. After prevailing here, he might with equal propriety recover the annual, taxes paid by his hearers for the same year in Middleborough; and if, instead of contracting to divide his yearly instructions between two societies, ho *412 contracted with twelve societies in as many towns, and preached to each every twelfth Sabbath, he might recover the annual taxes paid by his hearers in each society, for the same year. By this practice the intent of the constitution would in a great degree be defeated.
For it is manifest that the provision in the constitution was de signed to oblige all religious societies to be supplied with public teachers, not for a small part of the year, but generally through the year. And it would be a mischievous construction, that the members of any society within a parish might withdraw their annual contribution intended for the support of the parish minister, to supply themselves with teachers for half a .year, or perhaps for a month.
On this principle Washburn’s case, before referred to, was [ * 533 ] decided. There the plaintiff’s ordination was more * confined. He was not ordained an evangelist at large, but over the Pittsfield circuit, which, among other places, included the fourth parish in West Springfield. He had preached within the par- • ish to his society, from October to the ensuing June, then left it, and returned the following spring, and usually preached as often as one Sunday in a month. But his claim was rejected, as tending to subvert all the regular religious societies in the community.
The authority of this case, if it needed any support, is sanction ed by" the statute of 1799, c. 87. § 4. In that statute, the legisla turc prescribe the evidence to be produced to the selectmen, com mittee or assessors, by the party claiming to have his taxes paid to his own teacher.; and it is a certificate to be signed by the public teacher of the society, with a committee of the society chosen for that purpose. The public teacher must be one on whose instructions the party usually attends; by which words are excluded all teachers who instruct occasionally, or for a part of the year only, that society, and other societies the residue of the year ; for on the instructions of such he cannot usually attend.
Further, the public teacher of the society must intend one, who is devoted to that society generally as its teacher; and not one, who may be as much the teacher of half a dozen other societies, as of that, of which the party included in the certificate is a member. If this be not the intent of the legislature, then the plaintiff might have signed a certificate as public teacher of a society in Middle-borough, and might have certified that the Baptists in Middleborough and the Baptists in Kingston usually attended on his instructions, when perhaps they were never together at any Baptist assembly.
It is argued that the legislature cannot give a construction to the constitution, relative to private rights secured by it.
It is true that the legislature, in consequence of their construction *413 of the constitution, cannot make laws repugnant*to it. [*534] But every department of government, invested with certain constitutional powers, must, in the first instance, but not exclusively, be the judge of its powers, or it could not act. And certainly the construction of the constitution by the legislature ought to have great weight, and not be overruled, unless manifestly erroneous. In the present case, we think this construction .is just and reasonable.
It was further objected, that the plaintiff had not demanded his money of the town treasurer, who alone could pay it, but had made his demand on the selectmen.
After having given our opinion as to the second objection, it is unnecessary to consider this, as it does not apply to the merits of the case. We would, however, mention that the statute last cited directs the party to exhibit his certificate to the selectmen, and the treasurer, on their order, to pay over the money to the public teacher. Regularly the teacher should demand his money of the treasurer, and if he refuses to pay, either through his own official neglect, or the official neglect of the selectmen to draw the order, the money must be considered in the treasurer’s hands for the use of the town, who must be answerable to the action of the public teacher.
This part of the statute has also been objected to, as requiring a mode of evidence not prescribed by the constitution. . Certainly the legislature may prescribe, and frequently have prescribed, rules of evidence, by which parties must support their acknowledged rights. If at any time evidence was required by law, which would defeat a constitutional right, the law would not be binding on the Courts. The evidence required by this statute is consistent with the plaintiff’s constitutional right, if he had any, and as the statute has no negative words, if this evidence cannot be obtained, without any negligence of the party needing it, by a well-known rule of law, the next best evidence may be admitted.
* After duly attending to this cause, and giving it the [ * 535 J best consideration we have been able to, we are satisfied that the plaintiff must fail in his action, as not being a public teacher authorized to sue for the ministerial taxes paid by his hearers, who are inhabitants of Kingston..

Judgment on the verdici.